IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
EASTERN DIVISION

| | | |
|---|---|---|
| **MICHAEL WAYNE THOMAS, JR.** | * | |
| **ADC #611338** | * | |
| | * | |
| **Plaintiff** | * | |
| | * | |
| v. | * | Case No. 2:05CV00119 BD |
| | * | |
| **JUANITA MATHIS,** | * | |
| **FELESHA PHILLIPS, and** | * | |
| **PINKIE HILL** | * | |
| | * | |
| **Defendants** | * | |

## ORDER

Before the Court is the Defendants' Motion to Dismiss (docket entry #29). The Plaintiff filed this action *pro se* under 42 U.S.C. § 1983, alleging that the Defendants violated his constitutional rights. The Defendants argue in their motion that: 1) the Plaintiff's allegations fail to amount to constitutional violations; 2) the Plaintiff fails to state a claim upon which relief can be granted; 3) the Plaintiff failed to exhaust administrative remedies; and 4) the Defendants are entitled to immunity under the Eleventh Amendment. The Motion to Dismiss is GRANTED IN PART AND DENIED IN PART.

    I.    **Law and Analysis**

The Plaintiff's Complaint should be dismissed for failure to state a claim only if he can prove no set of facts in support of the claim or claims that would entitle him to relief.

*Springdale Educ. Ass'n v. Springdale Sch. Dist.*, 133 F.3d 649, 651 (8th Cir. 1998). The court must accept the factual allegations in the complaint as true and hold a plaintiff's *pro se* complaint "to less stringent standards than formal pleadings drafted by lawyers. . . ." *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972) (per curiam). While these liberal pleading standards apply to a plaintiff's factual allegations, *Neitzke v. Williams*, 490 U.S. 319, 330 n. 9 (1989), a plaintiff's complaint still must contain facts sufficient to state a claim as a matter of law and must not be merely conclusory in its allegations. *Martin v. Sargent*, 780 F.2d 1334, 1337 (8th Cir. 1985).

### A.     Exhaustion

As an initial matter, the Court considers the Defendants' assertion that the Plaintiff failed to exhaust his administrative remedies. Congress enacted the Prison Litigation Reform Act (PLRA) to "reduce the quantity and improve the quality of prisoner suits." *Porter v. Nussle*, 534 U.S. 516, 424 (2002). The PLRA requires administrative exhaustion prior to commencing a lawsuit challenging prison conditions: "No action shall be brought with respect to prison conditions under § 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a); *Booth v. Churner,* 532 U.S. 731, 738 (2001) (holding that available remedies "must be 'exhausted' before a complaint under § 1983 may be entertained."). Exhaustion "applies to all inmate suits about prison life, whether they involve general circumstances or

particular episodes, and whether they allege excessive force or some other wrong." *Porter*, 534 U.S. at 532. This Circuit has held that "[u]nder the plain language of 1997e(a), an inmate must exhaust administrative remedies *before* filing suit in federal court . . . If exhaustion was not completed at the time of filing, dismissal is mandatory." *Johnson v. Jones*, 340 F.3d 624, 627 (8th Cir. 2003). To properly exhaust administrative remedies in compliance with the PLRA, a prisoner must "complete the administrative review process in accordance with the applicable procedural rules." *Woodford v. Ngo*, 548 U.S. ___, ___, 126 S.Ct. 2378. These procedural rules are defined by the particular prison grievance process, not the PLRA. *Id*.

The Defendants argue that the Plaintiff failed to comply with the prison grievance and appeal procedures; however, if prison officials prevent a prisoner form utilizing the grievance system it is not an "available remedy" under § 1997e(a). *Miller v. Norris*, 247 F.3d 736, 740 (8th Cir. 2001). The Plaintiff alleges in his Amended Complaint that the Defendants effectively prevented him from following the grievance procedures. The Defendants provide no evidence to the contrary. The Plaintiff's allegation is sufficient to raise an inference that he had exhausted his "available" remedies.

      **B.**    **Immunity**

The Defendants broadly argue that "the Plaintiff's complaint is barred by sovereign immunity and should be dismissed." The Eleventh Amendment bars a citizen from bringing suit in federal court against a state, a state agency, or a state official sued in

his official capacity for monetary damages which must be paid from public funds in the state treasury. *Will v. Michigan Dep't of State Police,* 491 U.S. 58, 66 (1989); *Barnes v. State of Missouri,* 960 F.2d 63, 64 (8th Cir.1992) (per curiam). A state official nevertheless may be sued in an individual capacity for action taken under color of law, and such a claim is *not* barred by the Eleventh Amendment. *Hafer v. Melo,* 502 U.S. 21, 25 (1991).

### C. Failure to State a Claim or Constitutional Violation

The Defendants argue that the Plaintiff neither presents allegations that rise to the level of constitutional violations nor states claims entitling him to relief. Specifically, the Defendants characterize the Plaintiff's claims against them as consisting of "a statement that Defendants have not been helpful in assisting his gathering of information." The Defendants state further that the Plaintiff fails to offer facts "to support the allegation that the document in question was ever in existence, [or] that the Plaintiff has any legal right to it," and further contend that the Plaintiff does not allege an actual injury.

The Plaintiff's assertion that the Defendants denied him materials related to disciplinary proceedings that he desires for his intended "one-thousand page autobiography" fails to state an cognizable claim under § 1983. "No Federal civil action may be brought by a prisoner confined in a jail, prison, or other correctional facility, for mental or emotional injury suffered while in custody without a prior showing of physical injury." 42 U.S.C. § 1997(e). However, the Defendants do not address the Plaintiff's

claims entirely.

In his Amended Complaint, the Plaintiff claims that he was not allowed to attend his disciplinary proceeding. The Due Process Clause of the Fourteenth Amendment prohibits governments from depriving "any person of life, liberty, or property, without due process of law." U.S. Const. amend. XIV, § 1. This clause has two components: procedural due process and substantive due process. *County of Sacramento v. Lewis,* 523 U.S. 833, 840 (1998). The Supreme Court held in *Wolff v. McDonnell*, 418 U.S. 539 (1974), that the procedural due process protections for inmates in disciplinary proceedings require that the inmate: 1) be given written notice of the charges, 2) be afforded the opportunity for a hearing before an impartial tribunal, 3) have a limited right to call witnesses and present documentary evidence in his defense, and 4) be given a written statement of the reasons for the hearing officer's decision. These due process rights are limited when their exercise is "unduly hazardous to institutional safety and correctional goals" and broad discretion is accorded to prison officials in making this determination. See *Brown v. Frey*, 889 F.2d 159, 167 (8th Cir. 1989) (citing *Wolf*, 418 U.S. at 566).

The Defendants did not address the Plaintiff's procedural due process claim, refute it, or provide reasons why the Plaintiff was not given an opportunity to be heard as he alleges; nor did they address the Plaintiff's allegation that he was not provided a written statement of the basis for the disciplinary decision. The Court finds that the Plaintiff's

5

allegations that the Defendants violated his procedural due process rights state a claim sufficient to survive a motion to dismiss, recognizing that should the Plaintiff prevail on this procedural due process claim, he will be entitled only to nominal damages. *Williams v. Soligo*, 104 F.3d 1060, 1062 (8th Cir. 1997) (citing *Carey v. Piphus*, 435 U.S. 247, 266 (1978)).

**II.     Conclusion**

The Eleventh Amendment bars suit against the Defendants in their official capacities for monetary damages, and the Plaintiff fails to state an actionable claim under § 1983 for materials he desires for his autobiography. However, the Plaintiff states a claim for violations of his procedural due process rights sufficient to survive the Defendants' Motion to Dismiss.

Accordingly, the Defendants' Motion to Dismiss (docket entry #29) is GRANTED as to claims against the Defendants in their official capacities for monetary damages, and those claims are hereby dismissed. Claims against the Defendants for failing to provide him witness statements he wants for his autobiography are also dismissed. The Defendants' Motion to Dismiss (docket entry #29) is denied as to Plaintiff's claim of a violation of his constitutional procedural due process rights; this claim may proceed.

IT IS SO ORDERED, this 16th day of May, 2007.

_____
UNITED STATES MAGISTRATE JUDGE